```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF KENTUCKY
                     CENTRAL DIVISION at LEXINGTON
```

STEPHEN ANDREW ELZEY,

    Plaintiff,                      Civil Action No. 09-CV-162-JMH

v.

UNITED STATES OF AMERICA,      **MEMORANDUM OPINION**
                                            **AND ORDER**
    Defendant.

                        ****     ****     ****

Plaintiff Stephen Andrew Elzey ("Elzey") has filed a *pro se* civil rights complaint pursuant to the doctrine announced *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). [R. 2] The Court has granted his motion to proceed *in forma pauperis* by separate Order.

The Court screens civil rights complaints pursuant to 28 U.S.C. § 1915(e)(2). *McGore v. Wrigglesworth*, 114 F.3d 601, 607 08 (6th Cir. 1997). As Elzey is appearing *pro se*, his complaint is held to less stringent standards than those drafted by attorneys. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). During screening, the allegations in his complaint are taken as true and liberally construed in his favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). But the Court must dismiss a case at any time if it determines the action (a) is frivolous or malicious; (b) fails to state a claim upon which relief can be granted; or (c) seeks damages from a defendant who is immune from such relief. 28 U.S.C.

§ 1915(e)(2).

In his Complaint, Elzey alleges that he is "disabled" within the meaning of the Americans with Disabilities Act, 42 U.S.C. § 12132 *et seq*. ("ADA"). Elzey claims, in essence, that the United States, by enacting the ADA, has violated his constitutional rights by requiring him to divulge personal and confidential information which discloses his disability as a condition precedent to receiving benefits under the ADA. Elzey further claims that the ADA must be enacted as a constitutional amendment in order to be "proper law." Elzey seeks the "[s]ealing [of] the complete record of [his] impairment" and $500 million in damages.

The United States, as a sovereign entity, is absolutely immune from suit. *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit."); *United States v. Mitchell*, 463 U.S. 206, 212 (1983) ( "It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction.") Elzey makes no allegation that the United States has given its consent to be sued for the actions of Congress in enacting the ADA, nor is the Court aware of any statutory basis for concluding consent has been given. Accordingly, the Complaint must be dismissed against the United States for lack of subject matter jurisdiction.

Accordingly, it is **ORDERED** that:

Elzey's Complaint [R. 2] is **DISMISSED WITH PREJUDICE.**

This the 18th day of May, 2009.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge